**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KHIRY BROUGHTON, a/k/a | ) | No. 2:16-cr-00122-DCN |
| "KBLACKA," DASHAWN TREVELL | ) | |
| BROWN, a/k/a "SHAWNY," CLYDE | ) | **ORDER** |
| NAQUAN HAMPTON, a/k/a "ONE | ) | |
| LOYAL SHOOTER," ZAQUANN | ) | |
| ERNEST HAMPTON, a/k/a "TOB," | ) | |
| MATTHEW RASUAUN JONES, a/k/a | ) | |
| "BOOGIE MAC," CHRISTOPHER | ) | |
| SEAN BROWN, a/k/a "ROUGHISH," | ) | |
| BRYANT JAMEEK DAVIS, a/k/a | ) | |
| "SAVO,' WILLIAM LAMONT COX, | ) | |
| a/k/a "WATAZ," and QUINTIN JOHN | ) | |
| FISHBURNE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the sentencing of Christopher Sean Brown

("Brown"). In this sentencing, there is a dispute over whether the offense conduct

satisfies the cross-reference for attempted first-degree murder under U.S.S.G. §

2A2.1(a)(2). The court finds that it does.

## I. BACKGROUND

Brown was indicted with a host of federal offenses relating to their alleged

involvement with a Walterboro, South Carolina based criminal organization known as the

"Cowboys." The Cowboys are described as a neighborhood gang which encourages

members to engage in criminal activity to increase their status within the gang, and

demands lifetime allegiance, disciplining disloyal members with threats, violence, and

even death. The indictment also mentions a separate, but allied, gang known as the

"Wildboyz" who allegedly share common interests with the Cowboys and act in conjunction with the Cowboys to commit crimes to increase the status of members of both gangs. The Cowboys and Wildboyz are each alleged to have engaged in violence, threats of violence, drive-by shootings, home invasion robberies for the purposes of obtaining narcotics and cash, and narcotics distribution.

Brown pleaded guilty to conspiracy to conduct racketeering. A presentence investigation report ("PSR") was prepared in this case. Both Brown and the government submitted objections to the PSR. The parties also submitted sentencing memoranda. Because this sentencing presents complex issues of law and fact, the court issues this written order to detail the particularized findings that contributed to the court's calculations. It does not modify the sentence or its foundation.

## II. DISCUSSION

Brown has entered a guilty plea to attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Brown admitted to participating in a drive-by shooting on May 30, 2013 at the residence of 62 Jared Road, Walterboro, South Carolina, a residence in the Dooley Hill area, where suspected members of the rival Dooley Hill gang lived. Cowboyz members and codefendant Clyde Naquan Hampton ("Hampton") drove the car as Brown and Cowboyz member and codefendant Mathew Rashaun Jones ("Jones") fired multiple shots at the residence. There is a dispute over whether the offense conduct satisfies the cross-reference for attempted first-degree murder under U.S.S.G. § 2A2.1(a)(2). The court finds that it does.

Under 18 U.S.C. § 1111(a), to convict a defendant of first-degree premeditated murder the government must prove that defendant "in some sort associate[d] himself with

the venture, that he participate[d] in it as in something that he wishe[d] to bring about, that he [sought] by his action to make it succeed." United States v. Horton, 921 F.2d 540, 543 (1990) (internal quotation marks omitted). Here, Brown was a passenger in a vehicle driven by Hampton on May 30, 2013 when Hampton drove the vehicle past 62 Jared Road, Walterboro, South Carolina where suspected members of a rival gang lived. As Hampton drove past the home, Brown fired multiple shots into the residence. Certainly, these actions indicate that Brown planned with his fellow Cowboys gang members to kill someone, namely the rival gang members who lived at 62 Jared Road. Under 18 U.S.C. § 1111(a), first-degree murder is defined as the unlawful killing of a human being with "malice aforethought," which included every murder that is a "willful, deliberate, malicious, and premeditated killing."

In United States v. Diaz, 176 F.3d 52 (2d Cir. 1999), the court held that a cross-reference to first-degree murder was appropriate where other members of defendant's gang planned to shoot at one person but other, innocent bystanders were killed while gang members were shooting up a street. Here, Brown planned to kill rival gang members at 62 Jared Road. Indeed, even if Brown had not actually shot out of the car, the cross-reference for attempted first-degree murder would likely still apply. In Puckett v. Costello, 111 F. App'x 379 (6th Cir. 2004), the court held that a defendant who was not the actual shooter in a drive-by shooting demonstrated requisite "premeditated and deliberate intent to kill" sufficient to affirm a conviction of first-degree murder under Michigan law. While Puckett was not interpreting first-degree murder under 18 U.S.C.A. § 1111(a) but rather under Michigan law, Michigan law defines first-degree murder in a similar manner, as when a defendant has a "premeditated and deliberate intent to kill." In

Puckett, the defendant was a member of the Insane Gangster Mafia. At some point on the evening of November 9, 1995, the defendant began discussing a rival gang, the Cash Flow Posse, and the possibility of a drive-by shooting with a group of his fellow gang members. The members of the Insane Gangster Mafia then planned to direct a drive-by shooting at the home of a suspected Cash Flow Posse member. During the course of the drive-by shooting, where defendant was sitting in the car, a bystander was shot and killed. The Puckett court affirmed the first-degree murder conviction, finding that defendant's intent to kill rival gang members was sufficient to conclude that at least one gang member in the car at the time possessed the requisite intent to kill. The Puckett court reasoned that these actions were more in line with an intent to shoot at particular people as opposed to recklessly shooting at the apartment building. Similarly, Brown and other members of the Cowboyz gang had the intent to shoot members of the rival gang, which is why they targeted the home at 62 Jared Road. This was a shooting directed at one or more persons, as opposed to a shooting aimed at a building.

For the foregoing reasons, the court finds that the cross-reference for attempted first-degree murder is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court applies the first-degree attempted murder cross-reference. The court imposes a sentence of 108 months.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 22, 2018**
**Charleston, South Carolina**