**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CHRISTOPHER SEAN BROWN, ) | |
| ) | |
| Petitioner, ) | No. 2:16-cr-0122-DCN-6 |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on petitioner Christopher Sean Brown's ("Brown") motion to reconsider the court's July 23, 2020 order denying his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 and motion to supplement his § 2255 petition. ECF No. 838. For the reasons set forth below, the court denies the motion to reconsider.

## I. BACKGROUND

The court set out the factual background and procedural history relevant to Brown's conviction in its July 23, 2020 order, ECF No. 822; therefore, the court disposes with a recitation thereof and instead briefly recounts the procedural history specific to the instant motion. After he pleaded guilty and was convicted, Brown, proceeding pro se, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 751, and a subsequent motion to supplement his § 2255 petition, ECF No. 795. The government responded to Brown's § 2255 motion by filing a motion to dismiss or, in the alternative, for summary judgment. ECF No. 774. On July 23, 2020, the court denied Brown's motion and granted the government's motion. ECF No. 822.

1

On August 10, 2020, Brown filed a motion to reconsider.  ECF No. 838.  The government did not respond.

## II.   STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment.  The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).  The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)).  "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

## III.   DISCUSSION

Brown submits four grounds for his motion to reconsider.  First, Brown argues that the government committed "fraud on the court" by "changing the plea agreement in court without notice," which rendered Brown's consent to the plea "uniformed" and "not voluntary."  ECF No. 838 at 6.  By way of background, both counsel for the government and counsel for Brown agreed that Brown's recommended sentencing range under the United States Sentencing Guidelines ("Guidelines") would include a base level offense

score of 27. After Brown accepted the plea agreement, however, the United States Probation Office calculated his base offense level as 33, resulting in a higher Guideline range than the parties imagined. As the first ground for his motion, Brown argues that these circumstances render his plea agreement fraudulent and involuntary. Not so. Brown's plea agreement included the following provision:

> The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office, or the Court.

ECF No. 302 at 4. As the court explained in its July 23, 2020 order, at Brown's guilty plea hearing, the court ensured that Brown understood this provision of his plea agreement and that he entered into the plea agreement voluntarily. ECF No. 822 at 11–13 (citing United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (holding that, generally, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established")). As such, Brown was well aware that his Guideline range could differ from the one predicted by the plea agreement, and the fact that the parties' prediction differed from the Presentence Report's calculation does not render the plea agreement "fraudulent", nor does it render Brown's agreement thereto "involuntary." As such, the court rejects the first ground of Brown's motion.

Secondly, Brown argues that "the Court clearly erred . . . in ruling that Mr. Brown's 'prosecutorial misconduct[]' argument was barred by the plea waiver."[1] ECF

---

[1] Despite Brown's position here, the court did not hold that Brown's argument under Davis was barred by his plea agreement's waiver provision. Rather, the court would that adding such a ground to Brown's petition would be futile, as described below.

No. 838 at 12. Again, some background is necessary. In the July 23, 2020 order, the court denied Brown's motion to supplement his § 2255 petition on the grounds that the proposed amendment would be futile. Relevant here, Brown sought to add a ground under United States v. Davis, 139 S. Ct. 2319 (2019), arguing that the case rendered his Guideline calculation improper. The court denied Brown's request to add that ground, finding that "permitting Brown to add his final ground to his motion would be futile." ECF No. 822 at 15. As the court explained, the Davis Court espoused a new law concerning § 924(c), and Brown was not convicted under § 924(c), meaning that "Davis has no effect on his conviction or sentence." Id. Now, Brown argues the court's denial was in error but offers no substantive argument the cuts against the court's analysis and instead merely rehashes his previous argument, relabeling it as "prosecutorial misconduct." ECF No. 838 at 12. The court already considered and rejected that argument in the July 23, 2020 order. Consulting Eng'rs, 2007 WL 2021901, at *2 ("[A] Rule 59(e) motion . . . should not be used to 'rehash' arguments previously presented . . . ."). As such, the court rejects the second ground of Brown's motion.

As his third ground for reconsideration, Brown contends that the government "admitted" the allegations contained in Brown's motion to supplement his § 2255 petition under Fed. R. Civ. P. 8(b)(6) because the government failed to respond to the motion. Brown's argument fails for two reasons. First, Rule 8 applies only to "pleadings", and Brown's motion to supplement his § 2255 petition is not a "pleading." See Fed. R. Civ. P. 7(a) (defining "pleading"). And second, Rule 8(b) applies only to factual allegations, see Ancona v. Paragon Int'l Wealth Mgmt., Inc., 2019 WL 2289626, at *1 (D. Md. May

4

28, 2019), and Brown's motion contains primarily legal arguments premised upon undisputed facts, see ECF No. 795. As such, the court rejects Brown's argument.

In the final ground for his motion, Brown argues that the court erred in failing to grant him a certificate of appealability. However, Brown merely restates the applicable law and fails to substantively argue that the court erred. The court has no reason to alter its finding because "there [wa]s nothing debatable about the court's resolution of [Brown's] § 2255 petition," meaning that the court rightfully denied a certificate of appealability. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). As such, Brown's motion is denied.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion to reconsider.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 27, 2020
Charleston, South Carolina**